```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA

                        AT CHARLESTON

LARRY RODNEY PATTON,

        Plaintiff,

v.                                  Civil Action No. 2:14-13347

FEDERAL BUREAU OF INVESTIGATION
and KANAWHA COUNTY SHERIFF,

        Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending are the Federal Bureau of Investigation's ("FBI") motion to dismiss for lack of subject matter jurisdiction, filed March 28, 2014, the Kanawha County Sheriff's office ("Sheriff") motions for a more definite statement filed May 6, 2014, and to dismiss for failure to state a claim upon which relief can be granted, filed the same day, and Mr. Patton's motion for leave to amend the complaint, or in the alternative, to file a new amended complaint, filed May 22, 2014.

For reasons discussed more fully below, the claim against the FBI will be treated as a claim against the government.  See Blackmar v. Guerre, 342 U.S. 512, 515 (1952)

(Congress must explicitly authorize an agency to be sued in its own name).

The text of the pro se complaint in its entirety is as follows:

> I Larry Rodney Patton am filing a claim against F.B.I. and Kanawha Co. Sheriff Department Breeching (sic) a Contract posting A $100,00.00 (sic) Reward for the information I gave leading to the arrest and conviction to the 2003 sniper case.
>
> I gave Information 8-24-2003 on the person they arrested in 3-2011 and he was convicted and sentenced in 2012.
>
> The reason the F.B.I. denide (sic) me the reward was they hadn't charged anyone for the other two victims.
>
> Prayer—Please grant me the reward.

Compl. 1-2.

I.

From the complaint and other filings in this case, including those by counsel for the plaintiff whose appearance has since been entered, the following allegations are made.

In August 2003, a sniper shot and killed three persons in Kanawha County. One of the victims was Jeanie Patton, the daughter of plaintiff Larry Rodney Patton. A $100,000 reward was offered by the FBI and the Sheriff for information leading to the arrest and conviction of the sniper.

Mr. Patton alleges that on August 24, 2003, he gave information to authorities about Shawn Lester, who he believed to be the sniper. Nearly eight years later, in March 2011, Mr. Lester was arrested and charged with the three August 2003 murders. In July 2012, as part of a plea agreement, Mr. Lester pled guilty to one count of second-degree murder. He was sentenced to forty years in prison.

Mr. Patton alleges that the FBI refused to give him the reward because they did not charge anyone for the murders of the other two victims. On March 27, 2014, Mr. Patton instituted this action in the Circuit Court of Kanawha County. His complaint alleges that the FBI and the Sheriff breached a contract with him by refusing to pay the $100,000 reward, despite his providing information leading to the arrest and conviction of the sniper. On March 27, 2014, the government removed pursuant to 28 U.S. § 1442(a)(1).

As indicated, the government's motion alleges the absence of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Sheriff seeks a more definite statement under Rule 12(e) and moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Mr. Patton has moved for leave to amend the complaint or, in the alternative, to file a new amended complaint.

II.

A.  The Governing Standards

        1.  Rule 12(b)(1)

A motion to dismiss for the absence of subject matter jurisdiction may be presented in two ways:

> First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.  In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.

<u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982) (footnote omitted).  The first option is the most analogous for present purposes.  In such a situation, the facts alleged by the plaintiff are assumed to be true, giving him the same procedural protection as he would be accorded by Rule 12(b)(6).  <u>Id.</u>

        2.  Removal Under § 1442(a)(1)

As noted, the government removed under § 1442(a)(1). Section 1442(a)(1) permits the government to remove a civil case that is filed against an agency of the United States in state court.  28 U.S.C. § 1442(a)(1).  When a case is removed under § 1442, the doctrine of derivative jurisdiction applies.  <u>Palmer

4

v. City Nat'l Bank of W.Va., 498 F.3d 236, 236 (4th Cir. 2007). Derivative jurisdiction requires the federal court's jurisdiction to mirror the jurisdiction of the state court prior to removal. Id. When the state court lacks subject matter jurisdiction, the federal court does not acquire it upon removal, "even though in a like suit originally brought in federal court, the court would have had jurisdiction." Smith v. Cromer, 159 F.3d 875, 879 (4th Cir. 1998).

B.  Analysis

The government contends that Mr. Patton's action should be dismissed for the absence of subject matter jurisdiction because the government has not waived its sovereign immunity for suits brought in state court. The government further contends that, due to the doctrine of derivative jurisdiction, the district court did not acquire jurisdiction upon removal.

Mr. Patton has brought this action against the FBI and the Sheriff. Congress, however, has not authorized suits against the FBI in its own name. See Anderson v. Federal Deposit Ins. Corp, 918 F.2d 1139, 1141 (4th Cir. 1990) (citing Blackmar, 342 U.S. at 515 (1952) (Congress must authorize an agency to be sued in its own name)); see also Jones v. FBI, 139

5

F. Supp. 38, 41 (D. Md. 1956) (plaintiff's claim against the FBI must be considered as a claim against the government because Congress has not authorized the FBI to be sued). Therefore, as noted at the outset, the action against the FBI must be treated as one against the government.

The government enjoys sovereign immunity and may not be sued unless authorized by Congress. United States v. Sherwood, 312 U.S. 584, 586 (1941). The Tucker Act authorizes suit against the government for express and implied contract claims. 28 U.S.C. § 1491(a). It vests exclusive jurisdiction for these claims with the Court of Federal Claims when the amount in controversy is greater than $10,000. See 28 U.S.C. §§ 1346(a)(2), 1491(a). Inasmuch as Mr. Patton is suing to recover more than $10,000, the Tucker Act requires litigation of his claim against the FBI in the Court of Federal Claims. See id. In sum, the Circuit Court of Kanawha County lacked jurisdiction to adjudicate the claim against the FBI.

As noted, this court's jurisdiction is derivative of the state court's jurisdiction upon removal under § 1442(a)(1). See Palmer, 498 F.3d at 246. Inasmuch as the West Virginia state court lacked jurisdiction over the claim against the government, this court also lacks jurisdiction and acquired none upon removal. See id. The government is thus entitled to

dismissal. It is, accordingly ORDERED that the government's motion to dismiss pursuant to Rule 12(b)(1) be, and hereby is, granted.

When an action is removed under § 1442(a), the district court may remand claims against non-federal governmental parties to state court if it subsequently discovers the absence of subject matter jurisdiction. See 28 U.S.C. § 1447(c) (a district court may only remand a case removed under § 1442(a) when it discovers a defect in removal or lack of subject matter jurisdiction); see also Jamison v. Wiley, 14 F.3d 222, 239 (4th Cir. 1994); Bradshaw v. Town of Ceredo, No. 2:05-CV-00644, 2005 WL 2487827 (S.D.W.V. Oct. 7, 2005) (remanding a remaining claim against a non-federal governmental party when the court lacked jurisdiction due to application of the derivative jurisdiction doctrine). Inasmuch as this action was removed under § 1442(a)(1), and inasmuch further as the court lacks subject matter jurisdiction to hear the claim against the government, it is ORDERED that the claim against the Sheriff be, and hereby is, remanded to the Circuit Court of Kanawha County.

## III.

Based upon the foregoing discussion, it is ORDERED as follows:

1. That the government's motion to dismiss be, and hereby is granted on the grounds explicitly addressed herein;

2. That the action against the government be, and hereby is, dismissed without prejudice; and

3. That the action against the Sheriff be, and hereby is, remanded to the Circuit Court of Kanawha County.

The Clerk is requested to transmit this written opinion and order to all counsel of record and to any unrepresented parties.

DATED: July 11, 2014

_____
John T. Copenhaver, Jr.
United States District Judge